**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GENERAL AUTO SERVICE STATION, an Illinois corporation, F.A.Y. PROPERTIES, INC., an Illinois corporation, and COSMOPOLITAN BANK AND TRUST, SUCCESSOR TO THE COSMOPOLITAN NATIONAL BANK OF CHICAGO, not individually but as trustee under trust agreement dated December 21, 1994 and known as trust # 27340,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF CHICAGO, a municipal corporation, and LAMAR ADVERTISING COMPANY, a Delaware corporation, of itself and d/b/a Lamar Whiteco Outdoor Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 00 C 368<br>)<br>)   Judge Rebecca R. Pallmeyer<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs General Auto Service Station, F.A.Y. Properties, Inc. and Cosmopolitan National Bank of Chicago, owners of a large commercial sign in Chicago (the "Wall Sign"), allege that the City of Chicago's (the "City") efforts to enforce a zoning regulation that prohibits such signs within 250 feet of a residential district violate Plaintiffs' substantive-due-process rights. After a bench trial, the court concluded that Plaintiffs' action was barred by the two-year statute of limitations applicable to Plaintiffs' 42 U.S.C. § 1983 claims, and, even if it was not time-barred, Plaintiffs' action failed on its merits. Plaintiffs have moved this court pursuant to FED. R. CIV. P. 59 to amend and modify its judgment, challenging both determinations. First, Plaintiffs argue that this court erroneously concluded that their substantive-due-process claims accrued more than two years before Plaintiffs filed this action. Second, Plaintiffs contend that Chapter 86 of the City's Municipal Code, requiring a permit before illuminating or enlarging commercial and non-commercial signs, constitutes an

unlawful prior restraint, and consequently cannot be a basis for denying the Wall Sign legal, non-conforming status under the current Zoning Ordinance.  Finally, Plaintiffs argue that the Wall Sign should not be removed entirely, even if it violates Chapter 86, because Plaintiffs retain a protected property interest in the Sign as it existed before Plaintiffs violated the ordinance.  For the following reasons, the court denies Plaintiffs' motion.

## BACKGROUND

The facts of this case are presented in this court's April 22, 2005 Memorandum Opinion and Order, *see* Memorandum Opinion and Order, No. 00 C 0368 (N.D. Ill. 2005) (hereinafter, "April 2005 Order"), its May 21, 2001 and March 9, 2004 Memorandum Opinion and Orders, *see General Auto Serv. Station v. City of Chicago*, No. 00 C 368, 2001 WL 558148 (N.D. Ill. May 21, 2001) (*General Auto I*) and *General Auto Serv. Station v. City of Chicago*, No. 00 C 368, 2004 WL 442636 (N.D. Ill. Mar. 9, 2004) (*General Auto II*), and in the Seventh Circuit's decision in *General Auto Serv. Station LLC v. City of Chicago*, 319 F.3d 902 (7th Cir. 2003).   This opinion assumes the reader's familiarity with those decisions.

In its April 2005 Order, this court concluded that Plaintiffs' substantive-due-process claims accrued in September 1997, more than two years before Plaintiffs filed the present action, when Plaintiffs received a violation notice stating: "[o]btain permit for outdoor flat building sign installed without permit."  *See* April 2005 Order at 12.  The court nevertheless went on to address the merits of Plaintiffs' claims "[i]n light of the City's extended delays in enforcing the Zoning Ordinance."  *Id*. According to Plaintiffs, the 1990 Zoning Ordinance's "grandfather clause" arbitrarily and irrationally distinguished between signs "lawfully erected pursuant to a permit," which were exempt from amended Zoning Ordinance § 8.9(7), and those signs "lawfully erected" without a permit, or before any such permit was required.  *Id.* at 13.  Without reaching the issue of whether this distinction was rational, this court determined that Plaintiffs had not met their burden to demonstrate that the Wall Sign had been erected lawfully.  *Id.*  Even assuming that the Wall Sign did not violate the pre-1990

Zoning Ordinance, *see id.* at 15, the court concluded that Plaintiffs had failed to obtain a permit before illuminating, then enlarging the Wall Sign. *See id.* at 16–17. Accordingly, the Wall Sign "was not lawfully erected as of the date it was illuminated," and the court entered judgment in favor of the City on Plaintiffs' substantive-due-process claims. *Id.* at 17. Plaintiffs filed their Rule 59 motion to alter and amend the judgment on May 6, 2005, and filed a "Supplement" to that motion on May 10, 2005.

**DISCUSSION**

### A.     The Rule 59 Standard

To prevail on their Rule 59 motion, Plaintiffs must point to evidence in the record that "clearly establishes a manifest error of law or fact." *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (internal quotations omitted).[1] A Rule 59 motion is not a vehicle for advancing "arguments or theories that could and should have been made" prior to judgment, *id.* (internal quotations omitted), nor is it "an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Plaintiffs' Motion to Amend largely rehashes arguments presented in their post-trial brief, arguments which this court either explicitly or implicitly rejected. Even if the court were to overlook this defect, the court is not persuaded that the record clearly establishes a manifest error of law or fact.

### B.     The Statute of Limitations

Plaintiffs contend that this court incorrectly determined that Plaintiffs' substantive-due-process claims accrued in September 1997, more than two years before Plaintiffs filed this lawsuit, when the City notified Whiteco Outdoor Advertising ("Whiteco"), Plaintiffs' lessee, that the Wall Sign lacked a necessary permit. *See* April 2005 Order at 12. Instead, Plaintiffs argue—as they did in

---

[1]     Plaintiffs have not adduced any additional evidence that was not available at the time of trial. *See County of McHenry*, 438 F.3d at 819.

their post-trial brief—that the proper accrual date is April 21, 1998, when the City denied Whiteco's permit application.  *See* Pls.' Motion to Amend and Modify the Court's Memorandum, Opinion and Order of April 22, 2005 Entering Judgment in Favor of the City of Chicago (hereinafter, "Motion to Amend") ¶ 3; Pl.'s Post Trial Brief and Final Argument (hereinafter, "Pls.' Post-Trial Br.") ¶ 69.  This court previously rejected this argument, and Plaintiffs have not adduced any new evidence requiring the court to revisit that determination. Plaintiffs' substantive-due-process claims accrued when Plaintiffs knew or should have known that their constitutional rights had been violated.  *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).  The September 1997 Violation Notice's plain language required Whiteco to obtain a permit, even though its non-permitted sign was purportedly "legal" under ordinances in place at the time it was erected and subsequently modified.  At this point, Plaintiffs were aware that the City would not allow the Wall Sign to remain in place without a permit.  Under Plaintiffs' theory of the case, the Zoning Ordinance, which codifies the challenged permit requirement, is itself arbitrary and irrational.  It would not have been any less arbitrary and irrational had the City granted rather than denied Whiteco's permit request.[2]

Contrary to Plaintiffs' assertions, the Seventh Circuit's earlier decision in this case does not require a different result.  Motion to Amend at 3.  In concluding that this court had erred in dismissing Plaintiffs' complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), *see General Auto*, 319 F.3d at 907, Plaintiffs contend that the Court of Appeals implicitly "recognized" that Plaintiffs' claims accrued on April 21, 1998.  Motion to Amend at 3; *see also General Auto*, 319 F.3d at 904.  First, Plaintiffs "could and should have" made this argument prior to judgment.  *County of McHenry*, 438 F.3d at 819.  Second, Plaintiffs reach this conclusion only by taking language from the Seventh Circuit's opinion out of context.  While the Seventh Circuit concluded that *Younger*

---

[2]    Whether Plaintiffs would have had standing to challenge the ordinance at that point is another matter, but one which does not affect accrual of their rights in this case.

abstention was not warranted, it did not reach the merits of Plaintiffs' claims, which were not briefed on appeal. *General Auto*, 319 F.3d at 907. On remand, this court dismissed all but two counts of Plaintiffs' complaint, then conducted a bench trial on Plaintiffs' remaining substantive-due-process claims. After the trial, the court concluded that Plaintiffs were aware in September 1997 that the City required Whiteco to obtain a permit for the Wall Sign. April 2005 Order at 11–12. As previously discussed, Plaintiffs knew or should have known at that point that their constitutional rights were violated in the manner alleged.

Plaintiffs also rehash their alternative argument that their rights accrued only when the state court denied their motion to intervene. *See* Motion to Amend at 3–5; Pls.' Post Trial Br. ¶ 72. Plaintiffs' argument, for which they have not cited any legal authority, assumes that Plaintiffs' state law remedies were adequate *until* the state court denied their motion to intervene. This is contrary to this court's holding in *General Auto II*, a holding that Plaintiffs do not challenge here. *See General Auto II*, 2004 WL 442636, *10–11. Although not articulated as such, Plaintiffs' argument is perhaps better understood as a request that the statute of limitations be tolled for the period October 19, 1998 (when Whiteco filed its complaint in state court) through December 29, 1999 (when the state court denied their motion to intervene). Were the court to adopt this theory, it would mean that the time for filing Plaintiffs' complaint hinged upon Plaintiffs' own conduct. The Illinois intervention statute would not have prevented Plaintiffs from moving to intervene sooner (or later, for that matter). *See* 735 Ill. Comp. Stat. 5/2-408 (2005). Absent contrary authority, the court declines to adopt Plaintiffs' counterintuitive interpretation of § 1983's statute of limitations. Plaintiffs' lawsuit, filed more than two years after their rights accrued, was untimely.

### B.      Substantive Due Process Claims

Although this court concluded in its April 2005 Order that Plaintiffs' substantive-due-process claims were time-barred, a conclusion that the court reaffirms here, this court nevertheless addressed the substance of those claims. *See* April 2005 Order at 12. The court concluded that

the Wall Sign did not constitute a legal, non-conforming use because Plaintiffs did not obtain permits, as required by Chicago Electrical Code Section 86.1, before illuminating and then enlarging the Wall Sign sometime during the period between 1962 and 1979. *Id.* at 16–17. In response, Plaintiffs argued that the applicable portions of Chapter 86.1 are unconstitutional prior restraints, *see* Pls.' Post Trial Br. at ¶¶ 89–93, an argument they revisit in their motion to amend the judgment. Motion to Amend at ¶¶ 8–17. According to Plaintiffs, because Chapter 86.1 violated the First Amendment, and the Wall Sign otherwise complied with applicable zoning regulations, the Wall Sign is a legal, non-conforming use. *Id.* at ¶¶ 8–9.

First, contrary to Plaintiffs' assertions, this argument has no bearing on the court's conclusion that Plaintiffs' substantive-due-process claims are untimely. *See* Motion to Amend at ¶ 8–9. If, as Plaintiffs contend, Chapter 86.1's permit requirement is an impermissible prior restraint, then Plaintiffs have, at most, established that the Wall Sign falls within the category of legal, non-conforming signs. While this is a predicate for Plaintiffs' substantive-due-process claims, it does not alter the court's determination of the date on which those claims accrued for purposes of § 1983's statute of limitations. Whether the Wall Sign is "legal" because it complied with pre-amendment zoning laws, or, instead, is "legal" because those zoning laws were unconstitutional, the basis of Plaintiffs' substantive-due-process claims is the same: the differential treatment of permitted and non-permitted legal, non-conforming signs. As previously discussed, Plaintiffs were aware of the circumstances supporting their constitutional claims by September 1997, and, accordingly, Plaintiffs' claims are time-barred.

Even if Plaintiffs' claims were timely, the court is still not persuaded that Chapter 86.1 implicates First Amendment concerns. *See* April 2005 Order at 17. Chapter 86.1 made it unlawful to "proceed with the erection, enlargement, alteration or rehang of any illuminated sign or illumination of signboard unless a permit therefor shall have first been obtained from the Commissioner of Buildings." Chicago Elec. Code § 86.1-4(a) (1962). To support their facial

6

challenge to this permit requirement, Plaintiffs must demonstrate that the ordinance has a "close enough nexus to expression, or to conduct commonly associated with expression, to pose a real and substantial threat" of censorship. *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 759 (1988). Plaintiffs argue that Chapter 86.1's permit requirement meets this standard as it applies to advertising signs (like the Wall Sign), which are closely associated with the written word. Motion to Amend ¶ 14; *see also Weinberg v. City of Chicago*, 310 F.3d 1029, 1045 (7th Cir. 2002). The court does not believe that Chapter 86.1 implicates the censorship concerns that motivated the courts in *Lakewood* and *Weinberg* to permit facial challenges to the licensing schemes considered in those cases.

In *Lakewood*, the plaintiff challenged an ordinance that gave the City of Lakewood's mayor the "authority to grant or deny applications for annual newsrack permits." *Lakewood*, 486 U.S. at 753. The *Lakewood* court permitted the plaintiff to facially challenge the ordinance, concluding that: (1) the ordinance's annual licensing requirement gave the mayor discretion to discriminate based on the probable content or viewpoint of the relevant speech; and (2) the ordinance was "directed narrowly and specifically at expression or conduct commonly associated with expression: the circulation of newspapers." *Id*. at 759–60. The Court distinguished Lakewood's newsrack ordinance from laws requiring building permits, which the court characterized as "laws of general application that are not aimed at conduct commonly associated with expression and do not permit licensing determinations to be made on the basis of ongoing expression or the words about to be spoken." *Id*. at 760–61. In *Weinberg*, the plaintiff challenged an ordinance stating, in relevant part, that "[n]o person, other than a licensed peddler . . . shall sell, offer or expose for sale, or solicit any person to purchase any article or service whatsoever, except newspapers, on any public way." 310 F.3d at 1043. Citing *Lakewood*, the Seventh Circuit concluded that plaintiff could facially challenge the licensing scheme because it vested unfettered discretion in city officials to issue peddling licenses. *Id*. at 1044. Moreover, the conduct at issue—the plaintiff was attempting to sell a book

7

that he had written about the owner of a professional hockey team outside the arena where the team played—was "conduct commonly associated with expression." *Id.* at 1045.

Here, unlike in *Lakewood* and *Weinberg*, there is little if any risk that advertisers will "self-censor" commercial speech if denied a permit to erect an illuminated sign, or (as in this case) to illuminate or enlarge a preexisting sign. *See Lakewood*, 486 U.S. at 757 (a facial challenge to a licensing requirement is justified because "the mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech, even if the discretion and power are never actually abused."); *Weinberg v. City of Chicago*, 310 F.3d at 1044 (permitting a facial challenge to a licensing scheme because "such schemes enable officials to self-censor protected expression."). The risk of "undetectable censorship" owing to the City's alleged unfettered discretion is similarly tenuous, as Chapter 86.1 does not prohibit advertisers from erecting unilluminated signs without obtaining a permit. *Lakewood*, 486 U.S. at 762; *cf. Weinberg*, 310 F.3d at 1045 ("Prohibiting Weinberg from selling his book prevents the message of [his book] from being disseminated."). A permit requirement that applies only to illuminated signs without distinguishing between commercial and non-commercial speech is "too blunt a censorship instrument to warrant judicial intervention prior to an allegation of actual misuse." *Lakewood*, 486 U.S. at 761. Accordingly, the court again rejects Plaintiffs' facial challenge to Chapter 86.1.

### D. Plaintiffs' Supplemental Brief[3]

---

[3]    On May 10, 2005, twelve business days after this court entered judgment, Plaintiffs filed a "supplement" to their Motion to Amend. *See* Pl.'s Supp. to Its Motion to Amend and Modify the Court's Judgment of April 22, 2005 (hereinafter, "Pl.'s Supp."). The City contends that Plaintiffs "waived" issues addressed in supplemental brief because that brief was filed outside Rule 59's ten-day limit. *See* Def. City of Chicago's Response to Pl.'s Motion to Amend and Modify and Pl.'s Supp. Thereto (hereinafter "Def.'s Response") ¶ 4 (citing *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 761 (7th Cir. 2001); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)). In both *Talano* and *Hope*, the Seventh Circuit held that a district court may not toll FED. R. APP. P. 4's thirty-day notice-of-appeal period by accepting an untimely Rule 59 motion. *See Talano*, 273 F.3d at 760–61; *Hope*, 43 F.3d at 1143. An untimely Rule 59(e) motion does not, contrary to Defendant's assertion, "waive" (or more appropriately, "forfeit") arguments raised by the
(continued...)

In their supplemental brief, Plaintiffs argue that, even if the Wall Sign did not comply with Chapter 86.1 in 1990 when the Zoning Ordinance was amended, the Wall Sign cannot be removed entirely because Plaintiffs have a vested property interest in their last legal use of the property before running afoul of Section 86.1. *See* Pl.'s Supp. ¶¶ 4–7. They cite *City of Marengo v. Pollack*, 335 Ill. App. 3d 981, 782 N.E. 2d 913 (2nd Dist. 2002) to support this argument. In *Marengo*, the defendant purchased property totaling 99,244 square feet in 1986, property which at that time was subject to an ordinance limiting outdoor storage to 10% of the purchased property. *See Marengo*, 335 Ill. App. 3d at 983, 782 N.E. 2d at 915. But between 1986 and 1992, when the plaintiff amended its zoning ordinance to limit outdoor storage to 1,000 square feet total, defendants continually exceeded the 10% storage limit. *Id*. The *Marengo* court concluded that the defendant was entitled to continue using 10% of its property for outdoor storage, even though it routinely exceeded that percentage before the amendment. *Id*. at 988, 782 N.E. 2d at 918. The court reasoned that 9,924 square feet of the total storage space that defendant had utilized "existed lawfully at the time plaintiff enacted the 1992 ordinance," and, therefore, defendant was entitled to continue that legal prior use. *Id*.

This is the first time that Plaintiffs have claimed a property interest in the Wall Sign other than as currently configured, and Plaintiffs make no attempt to explain why they failed to raise this claim or cite *Marengo* previously.[4] *Cf. County of McHenry*, 438 F.3d at 819 (A Rule 59 motion is

---

[3](...continued)
motion. *See Hope*, 43 F.3d at 1143 (motion to alter or amend judgment filed more than ten days after judgment is treated as a Rule 60 motion); *United States v. Deutsch*, 981 F.2d 299, 300–301 (7th Cir. 1992) (same); *see also United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) ("One forfeits his rights by failing to assert them in a timely manner. Where waiver is accomplished by intent, forfeiture comes about through neglect.") (internal citations omitted). The court believes, however, that Plaintiffs' "Supplement" is just that: a supplement to Plaintiffs' timely Rule 59 motion. Accordingly, the court will assess Plaintiffs' supplemental brief under Rule 59, not Rule 60.

[4]     This failure is particularly puzzling in light of the fact that the parties did discuss the possibility of reducing the size of the sign and/or removing the light fixtures during settlement
(continued...)

"not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.")(internal quotations omitted). In any event, although it was Plaintiffs' burden to establish a legal non-conforming use, *see Lake County v. Zenko*, 174 Ill. App. 3d 54, 65–66, 528 N.E.2d 414, 421 (2nd Dist. 1988), on this record they have not established that the Wall Sign ever complied with all applicable ordinances. *See Bainter v. Village of Algonquin*, 285 Ill. App. 3d 745, 751, 675 N.E. 2d 120, 125 (2nd Dist. 1996) ("A use which was not lawful at its inception is not a legal nonconforming use and thus cannot be protected from elimination for violation of present zoning ordinances."). Plaintiffs were unable to pinpoint when the lights were installed above the Wall Sign, *see* Stmt. of Uncontested Facts ¶ 13 (lights were installed above the Wall Sign "[a]t some point" between 1962, when the sign was erected, and 1969), and it is not clear that the Wall Sign complied with Zoning Ordinance § 8.9(5) at the time the Wall Sign was erected. *See* April 2005 Order at 15 (For purposes of the April 2005 Order, the court "assum[ed] that the 1962 Wall Sign did not violate the pre-1990 Zoning Ordinance.").[5] But whether or not the Wall Sign was "legal" at some point during its existence, Plaintiffs' new argument does not affect the point at which their substantive-due-process claims accrued. Plaintiffs' substantive-due-process claims, whether predicated on a complete or partial deprivation of the property interest at issue, are time-barred.

## CONCLUSION

Plaintiffs' Motion to Amend (128) is denied.

_____

[4](...continued)
negotiations. *See* Proposed Final Pretrial Order, Ex. N and O.

[5]      Another problem with Plaintiffs' argument, although not determinative, is the difficulty of establishing what the reconfigured Wall Sign should look like. *Cf. Marengo*, 335 Ill. App. 3d at 988, 782 N.E. 2d at 918 ("It is very easy here to separate the permitted use from the prohibited use."). At some point between 1975 and 1979, Plaintiffs impermissibly enlarged the illuminated Wall Sign without obtaining a permit. Stmt. of Uncontested Facts at ¶ 14. Plaintiffs suggest that the sign could be "reduced in size with the lights removed" rather than removed altogether, Pl.'s Supp. at ¶ 7, but it is unclear what size the sign should be reduced to.

ENTER:

Dated: May 23, 2006

_____

REBECCA R. PALLMEYER
United States District Judge